■ LUCY MIMRAN, Appellant-Respondent, v DAVID MIMRAN, Respondent-Appellant. [961 NYS2d 437]—

Judgment, Supreme Court, New York County (Sara Lee Evans, J.), entered December 7, 2011, which, among other things, dissolved the parties' marriage and divided the marital property, awarding plaintiff a distributive award of $3,768,921.50, and brings up for review an order, same court and Justice, dated May 2, 2011, which, insofar as appealed from as limited by the briefs, placed a value of $32,603 on the defendant's interest in certain family-controlled business enterprises; found plaintiff's equitable interest in one of defendant's investments to be $1.25 million; imputed to the defendant annual income of $650,000 per year for purposes of calculating child support; and declined to allocate the parties' liabilities extant on the day that plaintiff commenced the divorce action, unanimously modified, on the facts, to increase the distributive award to plaintiff to $7,406,421.50, to be paid in three equal installments, and otherwise affirmed, without costs.

The record presented no evidence demonstrating that defendant's interest in his family's businesses was $250 million dollars. The only evidence presented that purported to demonstrate such an interest was a document, one of the pages of which was marked "Draft" and appeared to be incomplete. Further, the record evidence did not demonstrate that the document had ever been submitted to any financial institution.

There is no merit to plaintiff's position that the court should have awarded a greater amount of child support than was

awarded in the final judgment. Based on the record, the court properly imputed $650,000 in income to defendant and properly based the child support award on that amount (Domestic Relations Law § 240 [1-b] [b] [5]).

The trial court erred when it limited plaintiff's distributive award with respect to the Breeden investments to the sum of $1,250,000, representing one half of the $2,500,000 in liquidation proceeds that defendant retained and invested in Mirman Schur, a start-up movie company. Between May 2006 and June 2007, defendant made a $26,550,000 investment in three Breeden entities: Breeden Capital Management (BCM), Breeden Capital Partners, LLC (BCP), and Breeden Partners (Cayman) Ltd. (Breeden Cayman). To fund the investment, defendant used $8,250,000 from the proceeds of the sale of the parties' marital residence on Central Park West and borrowed the rest. In 2008, defendant effectively liquidated his investment in Breeden Cayman for $18,600,000. Between March 2009 and January 2010, he liquidated his interests in BCP and BCM for $6,675,000 and $2,800,000, respectively. Thus, by January 2010, defendant had received from his Breeden investments a total of $28,075,000.

Because $8,250,000 in marital property was used to fund the Breeden investments, plaintiff should have been awarded the sum of $4,125,000 from the liquidation proceeds, representing her half-interest, under the parties' post-nuptial agreement, in the proceeds from the sale of the Central Park West apartment. Further, because defendant invested $26,550,000 and received $28,075,000, plaintiff is entitled to an additional $762,500, representing half of the $1,525,000 gain. Accordingly, we modify to increase the distributive award with respect to the Breeden funds to $4,887,500 from $1,250,000, a net increase of $3,637,500. This raises the total distributive award to $7,406,421.50. Concur—Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.